**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4128**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMOTHY TEAL PEARSON, II,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:18-cr-00069-WO-3)

Submitted:  August 20, 2019                           Decided:  August 22, 2019

Before FLOYD and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Jorgelina E. Araneda, ARANEDA LAW FIRM, Raleigh, North Carolina, for Appellant. Clifton Thomas Barrett, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Teal Pearson, II, appeals the 30-month sentence imposed following his guilty plea to conspiracy to possess pseudoephedrine, knowing or having reasonable cause to believe it would be used to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(c)(2), 846 (2012).  On appeal, Pearson's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues but questioning whether Pearson's sentence is substantively unreasonable.  Pearson was advised of his right to file a pro se supplemental brief but has not done so.  The Government moves to dismiss the appeal pursuant to the appeal waiver in Pearson's plea agreement. Pearson opposes the motion.  We dismiss in part and affirm in part.

We review de novo the validity of an appeal waiver.  *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013).  A waiver will preclude appeal of a specific issue if the waiver is valid and the issue falls within the waiver's scope.  *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014).  We will uphold an appeal waiver as valid "so long as the waiver is knowing and voluntary."  *Copeland*, 707 F.3d at 528 (internal quotation marks omitted).  In conducting this inquiry, "we examine the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement."  *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted). "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid."  *United States*

*v. McCoy*, 895 F.3d 358, 362 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 139 S. Ct. 494 (2018).

Our independent review of the record confirms that Pearson knowingly and voluntarily waived his right to appeal his conviction and whatever sentence was imposed on any ground, with limited exceptions not applicable here. Thus, we conclude the waiver is valid and enforceable. Further, the issue counsel raises pursuant to *Anders* falls squarely within the broad compass of the waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious issues for appeal that would fall outside the scope of Pearson's valid appeal waiver. *See McCoy*, 895 F.3d at 363-64 (discussing unwaivable issues); *United States v. Cohen*, 888 F.3d 667, 683 (4th Cir. 2018) (same). We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the scope of the waiver. To the extent there exist any claims not foreclosed by the waiver, we deny the motion to dismiss in relevant part and affirm the district court's judgment.

This court requires that counsel inform Pearson, in writing, of the right to petition the Supreme Court of the United States for further review. If Pearson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pearson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*